UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALTON GRAY,<br>    Plaintiff,<br><br>v.<br><br>STATE OF CONNECTICUT,<br>DEPARTMENT OF SOCIAL SERVICES,<br>    Defendant. | :<br>:<br>:<br>:   Civil Action No. 3:01 CV 2376(CFD)<br>:<br>:<br>:<br>:<br>: |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Alton Gray ("Gray"), brought this action against his former employer, the State of Connecticut, Department of Social Services ("DSS"), alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Gray alleges discrimination on the basis of his race and gender. Specifically, Gray claims that DSS discriminated against him when DSS treated Gray less favorably than the defendant's white employees, when DSS denied Gray the training opportunities it provided to white employees, and when DSS terminated Gray. DSS has filed a motion for summary judgment [Doc. #15].

In the context of a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Miner v. City of Glens Falls, 999

1

F.2d 655, 661 (2d Cir. 1993) (internal quotation marks and citation omitted).  In ruling on a motion for summary judgment, however, the Court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992).  Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991); see also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992).

      The Court concludes that genuine issues of material fact exist as to whether Gray was discriminated against based on his race.  Specifically, there are genuine issues of material fact including, but not limited to, whether Gray received less training opportunities than white employees, whether Gray was treated less favorably than white employees, whether DSS provided training and development opportunities to white employees that were denied to Gray, and whether Gray was terminated based on his race.

      Accordingly, the defendant's motion for summary judgment [Doc. #15] is DENIED.

      SO ORDERED this 30th day of March 2004, at Hartford, Connecticut.

      /s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**